UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

NATALIE JEAN REIGHARD,

             Plaintiff,

  vs.

CHIEF WAYNE LONGO, et al.,

             Defendants.

NO. CV-09-350-JLQ

**ORDER ON PRETRIAL CONFERENCE; DIRECTING DISMISSAL OF CLAIMS AGAINST CERTAIN DEFENDANTS**

A telephonic pretrial conference was held on January 23, 2012.  Participating on behalf of Plaintiff was Larry Purviance.   Randall Adams appeared on behalf of the Defendants.  The following Order is intended to memorialize and supplement the oral rulings of the court.

## I.   Plaintiffs' Remaining Claims

Plaintiff's claims pleaded in "Count I" of the Complaint are brought under 42 U.S.C. § 1983 for violation of equal protection and due process.  Her second claim for relief ("Count II") was for conspiracy "to depriving persons of equal protection of the laws" brought under 42 U.S.C. § 1985.  All of the claims were pleaded against the two municipal Defendants (the City of Coeur d'Alene and the Coeur d'Alene Police Department), four individual Defendants (Longo, Reneau, Brumbaugh, Walther), as well as "John Does 1-10" and "Jane Does 1-10."

Defendants moved for summary judgment on all claims.  ECF No. 13.  On September 16, 2010, Judge Winmill granted the defense motion as to the Plaintiff's equal protection claim under § 1983, including any claim for statements made at the time the Plaintiff was first stopped.    Judge Winmill, however denied summary judgment as to the "due process" claim (which was construed by the court as a claim arising under the Fourth Amendment, as opposed to the Fourteenth Amendment), holding: "there exists a

ORDER - 1

1  genuine issue of material fact regarding whether Officer Reneau touched Reighard in an
2  unreasonable manner while conducting the search."  ECF No. 23.

3       Judge Winmill's Order did not address whether the evidence could support
4  municipal liability under § 1983, or Plaintiff's claims of conspiracy claim under 42
5  U.S.C. § 1985. A review of the defense summary judgment motion and memoranda
6  evidences a complete lack of discussion of the rule of law that there is no *respondeat*
7  *superior* liability under § 1983 nor did the defense argue that a municipal employer may
8  be held liable under that statute only where the violation was pursuant to a "pattern and
9  practice" of the employer. *Monell v. Dep't. of Soc. Servs.,* 436 U.S. 658 (1978).  A review
10 of the summary judgment briefing fails to disclose any evidence that a municipal policy,
11 custom or practice led to any alleged constitutional deprivation herein. Recognizing this
12 lack of evidence, counsel for the Plaintiff, at the pretrial conference, appropriately
13 conceded the lack of evidence against any Defendant other than Jared Reneau.  That
14 being the case, since a person cannot conspire with himself, the conspiracy claim must
15 also be dismissed. The only remaining question for trial is whether Officer Reneau
16 exceeded the scope of a permissible pat-down search incident to a lawful arrest under the
17 *Fourth Amendment*.

18      The following claims are thus conceded and shall be **dismissed** upon entry of
19 final judgment:  1) the claims under 42 U.S.C. § 1983 against Defendants City of Coeur
20 d'Alene, the Coeur d'Alene Police Department, Wayne Longo, Brian Brumbaugh, Jeff
21 Walther; and 2) the claims against all Defendants under 42 U.S.C. § 1985.

22      The court discussed with counsel the admissibility of the "getting his finger dirty"
23 statement made at the scene of the arrest by one of the officers.  The court allowed a
24 motion *in limine* to be filed by the defense and that matter will be ruled upon on February
25 6, 2012.  Having in mind the lack of secretarial help in the office of  counsel for the
26 Plaintiff, any brief or citation of authority on this issue  by the Plaintiff should be by an
27 ECF filing or if counsel for the Plaintiff has difficulty in such a filing, it may be sent by
28 e-mail to the court and defense counsel.  The court's e-mail address is:

ORDER - 2

1  jlq_chambers@waed.uscourts.gov.

2  **II.     Trial Procedure**

3      A. **Trial Schedule**.  Counsel shall appear on **Monday, February 6, 2012** at **8:30**

4  **a.m.** at the U.S. District Court in Coeur d'Alene, Idaho to address any pretrial matters,

5  and when such matters are concluded, to allow counsel to observe the questioning of the

6  prospective jurors in Judge McKibben's case.

7      Jury selection will begin following the selection of the jury in Judge McKibben's

8  case.  Trial will begin immediately after the jury is selected.   The court's typical trial

9  hours are from 8:30 a.m. to 5:00 p.m., with a recess for lunch. Counsel shall have

10  witnesses available to ensure a full day of testimony.

11      B. **Jury Selection**.  The court will conduct the juror *voir dire*, and upon conclusion

12  thereof will ask counsel at side-bar for any further requested questions and challenges for

13  cause.  If appropriate, the court will allow limited questions of a prospective juror(s).

14  Eight jurors will be selected using the alternate strike method of jury selection.  Each side

15  will be entitled to three (3) peremptory challenges.  The waiver of one peremptory

16  challenge does not waive any remaining peremptory challenge(s).

17      C. **Contact with the Jury.** Counsel will be receiving completed Juror

18  Questionnaires from the court during the week prior to jury selection.  The furnishing of

19  these Questionnaires in advance of jury selection is solely to assist counsel in reviewing

20  the Questionnaires and **shall not in any manner** be used for investigation of the

21  prospective jurors.

22      Counsel shall advise their clients, witnesses, and those associated with the client

23  and witnesses to avoid all contact with prospective jurors prior to jury selection and

24  thereafter during trial.

25      D. **Jury Instructions**.  A draft set of jury instructions will be emailed to counsel

26  prior to the start of trial.  Counsel shall be prepared to discuss the proposed instructions on

27  the first day of trial or at the pretrial conference on that date.

28

ORDER - 3

1          **E**. The court intends to review the proposed expert testimony of defense expert

2    Edward Leach for admissibility.  Counsel may address this issue in briefs.

3          **F. Resolution Prior to Trial.**    The parties shall promptly notify the court if this

4    case is settled.  This case is on the court's schedule for a trial certain on February 6, 2012.

5    As this matter will require out of town travel reservations by the court and court staff and

6    the summoning of  jurors, the court will plan on this matter definitely going to trial unless

7    otherwise informed  no later than **NOON**, on Wednesday, **FEBRUARY 1, 2012**.

8          **IT IS SO ORDERED.** The Clerk of the Court is directed to enter this order and

9    forward copies to counsel.

10          **DATED** this 24th day of January, 2012.

11                              s/ Justin L. Quackenbush
                              JUSTIN L. QUACKENBUSH
12                    SENIOR UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 4